# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| TERRY BACON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV417-080 |
| | ) | |
| GEORGIA STATE PRISON, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Terry Bacon, convicted in Effingham County, Georgia Superior Court of murder and kidnapping, petitions to vacate those convictions under 28 U.S.C. § 2254. Doc. 1. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows that his petition must be dismissed.

This is not Bacon's first rodeo. Two years ago the Court denied his first § 2254 petition on the merits. *Bacon v. Effingham County*, No. CV414-255, docs. 6, 10-11 (S.D. Ga. January 23, 2015). Petitioner, however, fails to note that he's been here before, *see* doc. 1 at 2-6, just as he overlooks the fact that he appealed his original conviction in *both* petitions, *id.* at 2; *see also* CV414-255, doc. 1 at 2, doc. 6 at 1 ("Bacon says he took no appeal from his Superior Court of Effingham County,

Georgia conviction, yet the Court has located *Bacon v. State*, 267 Ga. 325, 325 (1996) ("The appellants, Terry Bacon, Michnichello Anthony Pryor, and Jack Winfield Jiles, Jr., were jointly tried and convicted for the malice murder and kidnaping of James Pickett.'); *see also id.* at 330 ('Contrary to Bacon's only contention, we conclude that the evidence was sufficient for a rational trier of fact to find him guilty of murder and kidnaping beyond a reasonable doubt.'); *id.* (judgment affirmed)."). Bacon also omits any reference to his two subsequent attempts at habeas relief masquerading as 42 U.S.C. § 1983 claims. *See Bacon v. Williams*, No. CV414-229, docs. 12, 17-18 (S.D. Ga. Mar. 2, 2015) (dismissing challenge to state convictions as *Heck*-barred); *Bacon v. Henderson*, No. CV 615-139, docs. 15, 17-18 (S.D. Ga. Aug. 1, 2016) (dismissing challenge to state convictions as *Heck*-barred and, alternatively, dismissing for failure to exhaust a recharacterized habeas petition).

In lieu of appealing this Court's repeated denials of his habeas claims, Bacon apparently moved in his long-dormant state criminal case to have his conviction unwound under an ineffective assistance of counsel theory. Doc. 1 at 2 (referring to an "effective [*sic*] assistance of counsel" claim raised in Effingham County criminal case 1E92CR064N,

which was denied on January 19, 2016). That motion failed, and the Georgia Supreme Court (apparently) declined to review it. *Id.* (reporting the "Supreme Court" "denied it" on an "unknown" date). So he's back, seeking relief under § 2254, under the theory of "N/A." *See id.* at 6-10 (grounds 1-4 all described as "N/A"). Petitioner also lists, randomly, that "my counsel raised" (what?), that "I didn't know" (again, what?), "but there are unknow[n]" (things? motions? claims? laws? cases? evidence? It is unclear), and that (something?) "was enter[ed] or imposed legal error up on the law," (apparently resulting in?) "miscarriage of justice because of exculpatory evidence presented to -- grand (jury) [*sic*]." *Id.* at 12. The Court is at a loss to parse this fustian, wind-blown language for any claim to habeas relief, much less a meritorious ineffective assistance of counsel claim.

Regardless, it is clear that Bacon has returned for habeas relief without authorization from the Eleventh Circuit to do so. *See* doc. 1. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). District courts "lack[]

jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012).

Because (1) this is Bacon's second § 2254 petition (and fourth attempt to attack his conviction in this Court alone), and (2) he never sought permission from the court of appeals before filing, "this Court is not at liberty to consider it." *Id.* Accordingly, his petition should be **DISMISSED**.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing § 2254 Cases ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added). And, as there are no non-frivolous

4

issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this __8th__ day of May, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA