IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TERRY BACON,        )
                    )
    Petitioner,     )
                    )
v.                  )  CASE NO. CV417-080
                    )
GEORGIA STATE PRISON, )
                    )
    Respondent.     )
                    )

# ORDER

Before the Court is Petitioner Terry Bacon's Motion for Injunctive Relief (Doc. 6) and Motion for Interlocutory Appeal In Forma Pauperis (Doc. 7). For the following reasons, Petitioner's motions are both **DENIED**.

In his Motion For Interlocutory Appeal In Forma Pauperis, Petitioner vaguely requests an "interlocutory appeal." (Doc 7.) On June, 7, 2017, this Court issued an order dismissing the entirety of Petitioner's § 2254 petition as successive. (Doc. 4.) Petitioner has no current case pending before this Court that would warrant an interlocutory appeal. Rather, it appears that Petitioner is attempting to appeal this Court's earlier dismissal of his habeas claim. Pursuant to 28 U.S.C. § 2253(c), an appeal may not be taken in this matter unless the court issues a Certificate of Appealability. This certificate may issue only if Petitioner has made a substantial showing of the

denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In his motion, Petitioner has failed to provide a substantial showing of a denial of a constitutional right. Although difficult to follow, Petitioner does not provide any discernible claim that would warrant granting a Certificate of Appealability. Therefore, Petitioner's Motion for Interlocutory Appeal In Forma Pauperis is **DENIED**.[1] To the extent Petitioner is requesting to proceed in forma pauperis on appeal, this request is also **DISMISSED AS MOOT** because Petitioner is not entitled to a Certificate of Appealability.

Petitioner's Motion for Injunctive Relief is equally difficult to decipher. (Doc. 6.) In this motion, Petitioner requests an undefined injunction. (Id.) However, the basis for the requested injunction is unclear. Without an underlying jurisdictional basis for his injunction, this Court is unable to grant Petitioner's request. See Fredrick v. Georgia, No. 4:15-CV-163, 2016 WL 3676626, at * 1 (S.D. Ga. July 6, 2016) (unpublished) (explaining that "courts cannot merely dole out

---

[1] The Court also finds that Petitioner's request could be read as seeking permission from the Eleventh Circuit Court of Appeals to allow this Court to consider a successive habeas petition filed by Petitioner. To the extent this is the case, Petitioner's Motion for Interlocutory Appeal In Forma Pauperis should be **DENIED** because such a request must be filed in that court.

injunctive relief in the absence of some underlying jurisdictional basis for doing so").

Moreover, to the extent that Petitioner's request is an attempted filing of another § 2254 petition, that claim must also fail. As noted previously by this Court, Petitioner has already filed numerous petitions for habeas relief. (Doc. 2.) In the Report and Recommendation adopted by this Court, Petitioner was instructed to first obtain permission from the Eleventh Circuit Court of Appeals before filing an additional successive habeas petition. (Id.) Without this permission, this Court lacks jurisdiction to consider any successive habeas petition. Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014). Because Petitioner has failed to provide a basis for granting an injunction or obtain permission from the Eleventh Circuit to file a habeas petition, his Motion for Injunctive Relief is **DENIED**.

SO ORDERED this 21ST day of September 2017.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA